UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sara Neill and Mark Neill,

      Plaintiffs,

v.                                                                         Civil No. 08-5800 (JNE/FLN)
                                                                      ORDER

Bullseye Collection Agency, Inc.,

      Defendant.

      Plaintiffs Sara Neill and Mark Neill bring this action on behalf of themselves and a putative class of Minnesota consumers against Defendant Bullseye Collection Agency, Inc. (Bullseye), alleging violations of the Fair Debt Collection Practices Act (FDCPA). The case is before the Court on Bulleye's motion to dismiss. For the reasons stated below, the Court grants in part and denies in part the motion.

## I.    BACKGROUND

      Mark Neill allegedly incurred a consumer debt with Big Lake Spine & Sport sometime before September 2008. In an attempt to collect on this debt, Bullseye sent Mark Neill a letter dated September 16, 2008, requesting payment. Among other things, this single-page letter stated the amount allegedly owed, gave directions for remitting payment, and, in the upper right-hand corner, included the letters "WWJD." Sara Neill, Mark Neill's wife, received an identical letter. The letters appear to indicate that the debt was owed on a jointly held account.

      Mark Neill subsequently received a letter from Bullseye dated September 22, 2008. While not identical to the previous letters, this letter similarly stated the amount allegedly owed, gave directions for remitting payment, and included the letters "WWJD" in the upper right-hand corner of the page.

Mark and Sara Neill each received one final letter from Bullseye dated October 21, 2008. Like the three previous letters, the October 21 letters stated the amount allegedly owed, gave directions for remitting payment, and included the letters "WWJD." The October 21 letters also contained the phrase "SECOND NOTICE!!!"

Plaintiffs commenced this action on October 22, 2008. Bullseye has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    DISCUSSION

When considering a motion to dismiss, a court construes the complaint in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994). "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quotation marks omitted). A complaint must, however, contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e) (2006); *see also Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA should be construed using an unsophisticated consumer standard "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand*, 380 F.3d at 317 (quotation marks omitted); *see also Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (indicating that the

2

unsophisticated consumer standard applies to 15 U.S.C. §§ 1692d-1692f). "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collections letters." *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

### *"WWJD"*

Plaintiffs contend that "WWJD" is an acronym for the religious phrase "what would Jesus do?" and that it has the effect of invoking shame or guilt in alleged debtors and "portray[s] the debtor as a sinner who is going to hell." Plaintiffs further claim that inclusion of "WWJD" on Bullseye's communications constitutes conduct that is harassing, oppressive, or abusive in violation of 15 U.S.C. § 1692d (2006) and unfair or unconscionable in violation of 15 U.S.C. § 1692f (2006).

How an unsophisticated consumer would interpret the letters "WWJD" and whether an unsophisticated consumer would find them to be harassing, oppressive, or abusive or, in the alternative, unfair or unconscionable are issues of fact. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (indicating that whether conduct is harassing, oppressive, or abusive in violation of section 1692d is an issue of fact); *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) ("[T]he requisite inquir[y] under . . . § 1692f [is] necessarily fact-bound."); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) ("'[W]hether conduct harasses, oppresses, or abuses [under section 1692d] will [ordinarily] be a question for the jury.'" (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985))). The Court concludes that dismissal is not warranted because, at this stage of litigation, Plaintiffs have stated enough facts for a plausible claim. *See McMillan*, 455 F.3d at 765 (concluding that a claim under section 1692f regarding a collection letter that "call[ed] into

3

question [the plaintiff]'s honesty and good intentions" was sufficient to survive a Rule 12(b)(6) motion); *cf. Clark*, 460 F.3d at 1177 ("[O]ne action can give rise to multiple violations of the [FDCPA].").

In its reply memorandum, Bullseye admits that "WWJD" is a "business motto" that should be interpreted as a reference to Jesus Christ and argues that, in the event the FDCPA limits use of this motto, the FDCPA violates its constitutional rights to freedom of speech, equal protection of the laws, and free exercise of religion. However, in a footnote to its reply memorandum, Bullseye claims that it "does not, at this juncture, challenge the constitutionality of the FDCPA" and asserts that it "will challenge the constitutionality of the Act only in the event the Court denies [its] motion to dismiss." The Court declines to consider Bullseye's constitutional arguments at this time. *Cf.* Fed. R. Civ. P. 5.1 (requiring a party "drawing into question the constitutionality" of a federal statute to give notice to the Attorney General of the United States); *Berbig v. Sears Roebuck & Co.*, 568 F. Supp. 2d 1033, 1040 n.10 (D. Minn. 2008) ("Generally, the Court does not consider arguments raised for the first time in a Reply.").

## *"SECOND NOTICE!!!"*

Mark Neill contends that the phrase "SECOND NOTICE!!!" in the October 21 letter addressed to him constitutes a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e because he had previously received two letters regarding his alleged debt, making the October 21 letter his third notice from Bullseye. Assuming that the October 21 letter to Mark Neill was in fact a third notice and that therefore the phrase "SECOND NOTICE!!!" was false, the Court concludes that as a matter of law any misrepresentation was immaterial and therefore not actionable. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-97 (6th Cir. 2009) (rejecting section 1692e claim on materiality grounds); *Hahn v. Triumph P'ships LLC*,

4

557 F.3d 755, 758 (7th Cir. 2009) ("[A] false but non-material statement is not actionable [under section 1692e]."); *cf. Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055-56 (8th Cir. 2002) (considering the argument that any literally false representation in a collection letter is a *per se* violation of section 1692e but deciding the case on other grounds); *Pearce v. Rapid Check Collection, Inc.*, 738 F. Supp. 334, 338 (D.S.D. 1990) (dismissing claim under 15 U.S.C. § 1692c(a)(2) because the violation was "de minimis" and "not the type of conduct which the intent and purpose of the [FDCPA] proscribes").

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Bullseye's motion to dismiss [Docket No. 27] is GRANTED IN PART to the extent herein indicated and DENIED in all other respects.

2. Mark Neill's claim regarding the words "SECOND NOTICE!!!" under 15 U.S.C. § 1692e is DISMISSED WITH PREJUDICE.

Dated:  May 14, 2009

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge